1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BANK OF AMERICA NA,

              Plaintiff,

     v.

ANTHONY G. MWAURA, et al.

              Defendants.

CASE NO. C13-1726 RAJ

ORDER

This matter comes before the court on plaintiff Bank of America's motion to remand.  Dkt. # 9.  Plaintiff argues that this court should remand this case because (1) removal is not proper pursuant to 28 U.S.C. § 1441, and (2) the court does not have federal question jurisdiction.  *Id.* at 3.  With respect to the latter, *pro se* defendants do not contend that this court has federal question jurisdiction.  Rather, they contend that this court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) because they are citizens of Washington, plaintiff is a citizen of Delaware, and the amount in controversy exceeds $75,000.  Dkt. # 1 (Removal Not.) ¶¶ I.2, II.7.  Plaintiff does not challenge jurisdiction based on 28 U.S.C. § 1332(a).  Rather, it argues that an "action removable solely on the basis of diversity of citizenship may not be removed if

ORDER- 1

1  any of the parties in interest served as defendants is a citizen of the state in which the

2  action was brought.  28 U.S.C. § 1441(b)(2)."  Dkt. # 9 at 3.  Thus, plaintiff relies on the

3  forum defendant rule as the only basis to remand.

4         Section 1441(b)(2) provides that a "civil action otherwise removable solely on the

5  basis of the jurisdiction under section 1332(a) of this title may not be removed if any of

6  the parties in interest properly joined and served as defendants is a citizen of the State in

7  which such action is brought."  28 U.S.C. § 1441(b)(2).  Thus, "[s]eparate and apart from

8  the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines

9  removal on the basis of diversity jurisdiction to instances where no defendant is a citizen

10  of the forum state."  *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

11  "[T]his additional limitation on diversity-based removal jurisdiction is a procedural, or

12  non-jurisdictional, rule."  *Id.*  As such, motions to remand "on the basis of any defect

13  other than lack of subject matter jurisdiction[,]" such as the forum defendant rule, "must

14  be made within 30 days after the filing of the notice of removal under section 1446(a)."

15  28 U.S.C. § 1447(c); *see Lively*, 456 F.3d at 940 ("The purpose of the forum defendant

16  rule also supports treating it as a non-jurisdictional requirement.  Removal based on

17  diversity jurisdiction is intended to protect out-of-state defendants from possible

18  prejudices in state court. . . . A procedural characterization of this rule honors this

19  purpose because the plaintiff can either move to remand the case to state court within the

20  30-day limit, or allow the case to remain in federal court by doing nothing.").

21         *Pro se* defendants filed the notice of removal on September 23, 2013.  Dkt. # 1.

22  Plaintiff filed its motion to remand on March 10, 2014, more than 30 days after the notice

23  of removal was filed.  Accordingly, plaintiff waived its right to remand under the forum

24  defendant rule.  *See Lively*, 456 F.3d at 942 ("We hold that the forum defendant rule

25  embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule

26  constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed

27  by § 1447(c).").

ORDER- 2

1    For all the foregoing reasons, the court DENIES plaintiff's motion to remand.

2    Dated this 8th day of April, 2014.

3

4    _____

5    The Honorable Richard A. Jones
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER- 3