1

HONORABLE RICHARD A. JONES

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

BANK OF AMERICA et al.,

10

CASE NO. C 13-1726 RAJ

Plaintiff,

11

ORDER

12

v.

13

ANTHONY G. MWAURA et al.,

14

Defendants.

15

16

17    This matter comes before the court on plaintiff Bank of America's ("BOA")

18  motion for summary judgment and motion to dismiss defendants' first amended

19  complaint.  Dkt. # 20.  Also, pending before the court is defendants' motion for extension

20  of time to obtain counsel.  Dkt. # 24.

21    On August 9, 2007, defendants Anthony Mwaura and Noelle Gichohi executed a

22  promissory note in favor of Countrywide Bank, FSB evidencing defendants' promise to

23  pay $217,290.  (Note) Dkt. # 20-1, pp. 2-3.  Repayment of the note was secured by a deed

24  of trust ("DOT"), encumbering real property commonly known as 1814 South 286th

25  Lane, #P102, Federal Way, Washington ("the Property").  (DOT) Dkt. # 20-1, pp. 4-19.

26  On October 13, 2010, two additional documents appear to have been recorded against the

27

property: (1) a Deed of Full Reconveyance (Dkt. # 20-1, p. 26) and (2) an Assignment of Deed of Trust (Dkt. # 20-1, p. 23). The first document purports to reconvey the Property to defendants and the second document purports to assign the Property to a private trust. BOA insists that these documents are fraudulent and has asked the court to declare that they are "void and of no effect" and that the DOT recorded in 2007 "remains a valid lien against the Property and maintains the same lien priority it possessed prior to the unauthorized execution and recording of the [fraudulent documents]." (Mot.) Dkt. # 20, p. 7.

Defendants believe that the two documents recorded on October 13, 2010 are valid and that the DOT recorded in 2007 is invalid. (Opp.) Dkt. # 21, p. 3. Defendants also claim that they are "unaware of and have nothing to do with any fraudulent reconveyance regarding this property." *Id.* Defendants are proceeding *pro se* and have made a number of convoluted arguments in opposition, some of which appear to be common defenses in mortgage foreclosure actions such as the "separation of note" argument. *See, e.g.*, *Olmstead v. ReconTrust Co., N.A.*, 852 F. Supp. 2d 1318, 1324 (D. Or. 2012) (rejecting the "separation of note" argument).

For the reasons stated below, BOA's motion for summary judgment and motion to dismiss (Dkt. # 20) is GRANTED IN PART AND DENIED IN PART and defendants' motion for extension of time (Dkt. # 24) is DENIED AS MOOT.

**A. BOA's Motion to Dismiss Defendants' Complaint**

Plaintiff BOA filed this action in state court in January of 2012. (Sup. Ct. Docket) Dkt. # 20-1, p. 28. Defendants answered the complaint on March 5, 2012. *Id.* Defendants later removed the action to this court and attempted to file their own "first amended complaint." Dkt. # 19. The Federal Rules of Civil Procedure do not allow defendants to file complaints; they are permitted only to respond to plaintiff's complaint. Fed. R. Civ. P. 12. A defendant may, however, file a counterclaim as part of its responsive pleading. Fed. R. Civ. P. 13. Accordingly, in this case, defendants should

have asserted any counterclaims as part of their answer to the complaint. *Id.* ("A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim…"). Because defendants' answer was due years ago, any attempt to file counterclaims at this stage would require leave of court. Fed. R. Civ. P. 15(a). Defendants did not obtain leave and the court finds no reason to grant leave at this stage. Accordingly, the court GRANTS IN PART plaintiff's motion and strikes the document labeled "Defendants' First Amended Complaint" at Dkt. # 19.

### B. BOA's Motion for Summary Judgment

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

Here, BOA is the party seeking summary judgment. Since BOA is the plaintiff and bears the burden of proof at trial, it bears the burden of demonstrating there is no

genuine issue of material fact as to any of its claims.  The only claim stated in BOA's

complaint is to quiet title and for declaratory relief.  (Compl.) Dkt. # 1-1, ¶¶ 12-14.

RCW § 7.28.120 provides that, "the plaintiff in [a quiet title] action shall set forth

in his complaint the nature of his estate, claim or title to the property, and [then] the

defendant may set up a legal or equitable defense to plaintiff's claims; and the superior

title, whether legal or equitable, shall prevail."  Thus, to obtain summary judgment, BOA

must demonstrate that there is no genuine dispute of fact as to any of these elements.

*Soremekun*, 509 F.3d at 984.  BOA has failed to carry its burden.

BOA must first demonstrate its claim or title to the Property.  RCW § 7.28.120.

Although BOA has submitted a copy of the deed of trust recorded in August 2007 (Dkt. #

20-1) in favor of Countrywide Bank (BOA's predecessor-in-interest), it has not addressed

any of defendants' arguments regarding BOA's alleged abandonment of its interest in the

lien.[1]  This is especially problematic because in its complaint, BOA admits that it

"unknowingly released its lien interest in the Property [which] has resulted in conflicting

rights and claims against the Property."  (Compl.) Dkt. # 1-1, ¶ 12.  BOA fails to explain

this statement in its motion for summary judgment and asks the court to simply accept

that it is the sole beneficiary under the deed of trust.  The court cannot do so.

Additionally, BOA contends that the two documents recorded in the King County

Recorder's Office are fraudulent: (1) the Deed of Full Reconveyance, dated October 13,

2010 (Dkt. # 20-1, p. 26), and (2) the Assignment of Deed of Trust, also dated October

13, 2010 (Dkt. # 20-1), p. 23.  The first of these documents purportedly demonstrates that

the "obligations secured by the Deed of Trust have been fully satisfied" and that the

beneficiary has requested that the deed be reconveyed to the defendants.  Dkt. # 20-1, p.

26.  This document was supposedly signed by Kathy Kubik as Assistant Secretary of

---

[1] The court acknowledges that defendants' arguments are somewhat convoluted and confusing, but plaintiff must at least make some effort to make sense of these arguments and address them.  The court will not do counsel's work for them.

ORDER- 4

United National Title Company.  The second document then assigns the deed to a private trust set up in the name of the property address (*i.e.*, 1814 South 286th Lane P102 Trust). This assignment was supposedly executed by Clarence Roland, "attorney-in-fact" for the defendants in this action and notarized by a woman named Heather Richardson.  Dkt. # 20-1, p. 23.  BOA claims, however, that it never authorized the reconveyance of the deed (Dkt. # 20, p. 6).  BOA has also submitted a declaration from Kathy Kubik, stating that she never signed the reconveyance and has never worked for United National Title Company (Dkt. # 20-1, p. 30, ¶¶ 2-3).  Ms. Kubik claims that she is a notary republic in the State of Nevada and that several years ago she hired a company called Restorlution Trustee Corporation to help her save her home.  *Id.*, ¶¶ 4-5.  In connection with her attempt to save her own home, she notarized some documents for that company.  *Id.*  She also claims that one of the employees of that company was a man by the name of Clarence Roland.  *Id.*, ¶ 6.

BOA's contentions are serious.  Although BOA does not expressly state this in its motion, it is essentially arguing that defendants, or someone working on their behalf, doctored the reconveyance and assignment documents and then filed them with the county recorder's office.  The evidence submitted by BOA is compelling, but it is insufficient to support summary judgment.  First, as set forth above, BOA has not adequately established that it is the current putative beneficiary under the deed of trust. Second, BOA has failed to submit a declaration from someone with personal knowledge that confirms that BOA never authorized the reconveyance and that its records do not contain a written request to the trustee to reconvey the property.  The court will not simply grant summary judgment based upon the argument of counsel.  Third, BOA has not submitted a declaration from Clarence Roland, the supposed "attorney-in-fact" or Heather Richardson, the notary republic appearing on the reconveyance document. Finally, the declaration submitted by Ms. Kubik leaves key questions unanswered.  Does Ms. Kubik know the defendants?  Has she had any communications with them?  Was she

1  in any way involved in the preparation of the "Deed of Full Reconveyance" that was
2  ultimately filed with the King County Recorder's Office?

3      Although it may not be necessary to address each issue raised above, to obtain
4  summary judgment, BOA must do more than file a cursory motion that fails to fully
5  address the elements of its claim and fails to include admissible evidence.  Accordingly,
6  the court DENIES IN PART plaintiff's motion.  Dkt. # 20.  BOA may re-file its motion
7  for summary judgment within 30 days of the issuance of this order.

8      Because defendants are proceeding *pro se*, the court reminds them that their
9  response to BOA's motion for summary judgment must set forth specific facts showing
10 that there is a genuine issue for trial.  *Anderson*, 477 U.S. at 250.  Absent such facts, the
11 court will grant summary judgment in BOA's favor.  Additionally, the court warns
12 defendants that any party who knowingly makes false statements to the court may be
13 subject to contempt sanctions.

14 **C. Defendants' Motion for Extension of Time**

15     Defendants have also filed a motion for extension of time to obtain counsel.  Dkt.
16 # 24.  Defendants filed this motion on April 1, 2015, yet they do not appear to have
17 obtained counsel in the interim.  Defendants claim that they have new evidence that "will
18 greatly affect the Court's ruling" on plaintiff's motion for summary judgment.  Because
19 the court has allowed plaintiff 30 days to re-file their motion for summary judgment,
20 defendants will have that additional time to obtain counsel.  Accordingly, defendants'
21 motion for extension of time (Dkt. # 24) is DENIED AS MOOT.

22     Dated this 14th day of August, 2015.

23

24

25

26 The Honorable Richard A. Jones
27 United States District Judge