HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BANK OF AMERICA et al.,

               Plaintiff,

    v.

ANTHONY G. MWAURA et al.,

               Defendants.

CASE NO. C 13-1726 RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the court on the motion of defendants Anthony Mwaura and Noelle Gichohi for declaratory judgment (Dkt. # 28) and the motion of plaintiff Bank of America's ("BOA") for summary judgment (Dkt. # 32).  For the reasons stated below, defendants' motion is DENIED and BOA' s motion is GRANTED.

## II.    BACKGROUND

On August 9, 2007, defendants Anthony Mwaura and Noelle Gichohi executed a promissory note in favor of Countrywide Bank, FSB evidencing defendants' promise to pay $217,290.  (Note) Dkt. # 32-1, pp. 2-3.  Repayment of the note was secured by a deed of trust ("DOT"), encumbering real property commonly known as 1814 South 286th

Lane, #P102, Federal Way, Washington ("the Property").  (DOT) Dkt. # 32-1, pp. 5-19.

On October 13, 2010, two additional documents appear to have been recorded against the

property: (1) a Deed of Full Reconveyance (Dkt. # 32-3, p. 4) and (2) an Assignment of

Deed of Trust (Dkt. # 32-3, p. 6).  The first document purports to reconvey the Property

to defendant-borrowers and the second document purports to assign the Property to a

private trust.  BOA insists that these documents are fraudulent and has asked the court to

declare that they are "void and of no effect" and that the DOT recorded in 2007 remains a

valid lien against the Property and maintains the same lien priority it possessed prior to

the unauthorized execution and recording of the fraudulent documents.  (Mot.) Dkt. # 32,

pp. 1-2.

Defendants claim that they have no knowledge of the two allegedly fraudulent

documents recorded on October 13, 2010.  (Opp.) Dkt. # 34, p. 9.  Rather, they contend

that "the title on this property is so clouded that Defendants believe that the true owner of

the note can only be uncovered by conducting discovery."  *Id.*, p. 10.  Alternatively, they

insist that BOA does not have a valid lien because defendants validly rescinded their loan

by sending both Countrywide and BOA a "Notice of Right to Cancel" within the three-

year period allowed by the Truth in Lending Act ("TILA").

## III.   ANALYSIS

a.  Defendants' Motion for Declaratory Judgment

Defendants ask this court to issue an order declaring that defendants have properly

served BOA with a "Notice of Right to Cancel" their loan under TILA.  (Mot.) Dkt. # 28.

The court cannot enter such an order because defendants are barred by the doctrine of *res*

*judicata.*

The doctrine of *res judicata* bars litigation in a subsequent action of any claims

that were raised or *could have been raised* in a prior action.  *See Ownes v. Kaiser Found.*

*Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001); *see also Federated Dep't Stores,*

*Inc. v. Moitie*, 452 U.S. 394, 401-02 (1981) ("The doctrine serves the important public

1  policy of providing 'an end to litigation' and ensures that 'matters once tried shall be

2  considered forever settled as between the parties.").

3       Defendants have filed at least two previous actions related to this matter.  In

4  *Mwaura v. Bank of Am. N.A.* (Case No. 13-cv-337-RSM), defendants filed a complaint

5  seeking to quiet title to the Property and for declaratory and injunctive relief.  Dkt. # 31-

6  2, pp. 30-32.  Judge Ricardo Martinez dismissed that complaint.  Defendants later filed an

7  action before Judge Barbara J. Rothstein, *Mwuara v. Countrywide, et al.* (Case No. 13-

8  cv-1553-BJR), seeking to quiet title to the Property and for declaratory relief, wrongful

9  foreclosure, and fraud.  Dkt. # 31-3, p. 41.  Judge Rothstein, citing to Judge Martinez's

10 prior order, dismissed the complaint on *res judicata* grounds.

11      Defendants cannot continue to raise claims or counterclaims that have been

12 litigated and decided in previous matters.  Accordingly, defendants' motion for

13 declaratory judgment is DENIED.

14      b.  BOA's Motion for Summary Judgment

15      Summary judgment is appropriate if there is no genuine dispute as to any material

16 fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

17 56(a).  The moving party bears the initial burden of demonstrating the absence of a

18 genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

19 Where the moving party will have the burden of proof at trial, it must affirmatively

20 demonstrate that no reasonable trier of fact could find other than for the moving party.

21 *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  On an issue where

22 the nonmoving party will bear the burden of proof at trial, the moving party can prevail

23 merely by pointing out to the district court that there is an absence of evidence to support

24 the non-moving party's case.  *Celotex Corp.*, 477 U.S. at 325.  If the moving party meets

25 the initial burden, the opposing party must set forth specific facts showing that there is a

26 genuine issue of fact for trial in order to defeat the motion.  *Anderson v. Liberty Lobby,*

27 *Inc.*, 477 U.S. 242, 250 (1986).  The court must view the evidence in the light most

1    favorable to the nonmoving party and draw all reasonable inferences in that party's favor.
2    *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

3            Here, BOA is the party seeking summary judgment.  Since BOA is the plaintiff
4    and bears the burden of proof at trial, it bears the burden of demonstrating there is no
5    genuine issue of material fact as to any of its claims.  The only claim stated by BOA is
6    one for declaratory relief.  (Compl.) Dkt. # 1-1, ¶¶ 12-14; see also (Reply) Dkt. # 37, p. 2.

7            "Courts of record within their respective jurisdictions shall have power to declare
8    rights, status and other legal relations whether or not further relief is or could be
9    claimed."  RCW 7.24.010.  One interested "under a deed . . . or whose rights, status or
10   other legal relations are affected by statute . . . may have determined any question of
11   construction or validity arising under the instrument . . . and obtain a declaration of
12   rights, status or other legal relations thereunder."  RCW 7.24.020.  The elements required
13   to establish a right to declaratory relief in Washington are: (1) an actual, present, and
14   existing dispute, as compared to a possible, speculative or moot disagreement; (2) parties
15   having genuine and opposing interests which are direct and substantial rather than
16   potential or abstract; and (3) a judicial determination which will be final and conclusive.
17   *Lechelt v. City of Seattle*, 32 Wn. App. 831, 835–36 (1982) (citing *Ronken v. Bd. of Cnty.*
18   *Com'rs*, 89 Wn.2d 304 (1977)); *see also* RCW 7.24, *et. seq.*  A case is ripe where the
19   essential facts establishing the right to declaratory relief have already occurred.  *Boeing*
20   *Co. v. Cascade Corp.*, 207 F.3d 1177 (9th Cir. 2000).

21           Here, BOA contends that two documents recorded in the King County Recorder's
22   Office are fraudulent: (1) the Deed of Full Reconveyance, dated October 13, 2010 (Dkt. #
23   32-3, p. 4), and (2) the Assignment of Deed of Trust, also dated October 13, 2010 (Dkt. #
24   32-3, p. 6).  The first of these documents purportedly demonstrates that the "obligations
25   secured by the Deed of Trust have been fully satisfied" and that the beneficiary has
26   requested that the deed be reconveyed to the defendants.  Dkt. # 20-1, p. 26.  This
27   document was supposedly signed by Kathy Kubik as Assistant Secretary of United

ORDER- 4

National Title Company.  The second document then assigns the deed to a private trust set up in the name of the property address (*i.e.*, 1814 South 286th Lane P102 Trust).  This assignment was supposedly executed by Clarence Roland, "attorney-in-fact" for the defendants in this action and notarized by a woman named Heather Richardson.  Dkt. # 20-1, p. 23.

BOA has submitted a declaration from its Assistant Vice President and Operations Team Manager stating that it has no record of defendants satisfying their loan obligations and that BOA never authorized the reconveyance of the deed.  *See* Decl. of Kelly M. Thompson, Dkt. # 32-2.  BOA has also submitted a declaration from Kathy Kubik, stating that she never signed the reconveyance and has never worked for United National Title Company (Dkt. # 33, ¶ 2, 4).  Ms. Kubik also states that she does not know and has never met or spoken with either defendant.  *Id.*, ¶ 3.  Ms. Kubik further states that she was at one point a notary republic in the State of Nevada and that several years ago she hired a company called Restorlution Trustee Corporation to help her save her home.  *Id.*, ¶ 6.  In connection with her attempt to save her own home, she notarized some documents for that company.  *Id.*  She also claims that one of the employees of that company was a man by the name of Clarence Roland.  *Id.*, ¶ 7.

This evidence is sufficient to carry BOA's initial burden of demonstrating that there is no genuine issue of material fact regarding the invalidity of the documents recorded in the county recorder's office.  Accordingly, the burden then shifts to defendants to set forth <u>specific facts</u> showing that there is a genuine issue for trial.  *Anderson*, 477 U.S. at 250.

Defendants have failed to meet this burden.  Defendants' only arguments in opposition to BOA's motion are: (1) they have no knowledge of the fraudulently recorded documents, and (2) they cancelled their loan via a "Notice of Right to Cancel" under TILA.  (Opp.) Dkt. # 34.  Neither argument has merit.  Defendants' knowledge of the documents is irrelevant to BOA's claim that they are fraudulent and, as stated above,

1    defendants' argument regarding cancellation under TILA is barred by *res judicata*.

2    Accordingly, defendants have failed to set forth any facts that show there is a genuine

3    issue for trial.

4         BOA is entitled to judgment as a matter of law.

5    **IV.    CONCLUSION**

6         For all of the foregoing reasons, defendants' motion for declaratory judgment

7    (Dkt. # 28) is DENIED and BOA's motion for summary judgment (Dkt. # 32) is

8    GRANTED.  The clerk is directed to enter judgment in favor of BOA and against

9    defendants.  The judgment shall state the following:

> (1) The document entitled "Assignment of Deed of Trust" and recorded in the King County Recorder's Office on October 13, 2010 as instrument number 20101013001232 is VOID;
>
> (2) The document entitled "Deed of Full Reconveyance" and recorded in the King County Recorder's Office on October 13, 2010 as instrument number 20101013001233 is VOID;
>
> (3) The Deed of Trust recorded in the King County Recorder's Office on August 13, 2007 as instrument number 20070813002368 against the real property commonly known as 1814 South 286th Lane, #P102, Federal Way, Washington ("Property") remains a valid lien against the Property and maintains the same lien priority that it possessed prior to the execution and recording of the documents entitled "Assignment of Deed of Trust" and "Deed of Full Reconveyance."

Dated this 26th day of January, 2016.

The Honorable Richard A. Jones
United States District Court